IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KIMBERLY BALLARD
    Plaintiff,

v.

AMEREN ILLINOIS COMPANY,
    Defendant.

Case No. 1:24-cv-01185-JEH

**Order**

Now before the Court is Plaintiff's Motion for Reconsideration. (D. 15).[1] For the reasons set forth, *infra*, the Plaintiff's Motion is DENIED.

**I**

On May 14, 2024, the Plaintiff filed a Complaint against Ameren Illinois Company ("Ameren"). (D. 1). On July 29, 2024, Ameren filed a Motion to Dismiss the Plaintiff's Complaint, (D. 6), and the Plaintiff filed a Response on August 12, 2024. (D. 7). On January 7, 2025, the Court issued its Order and Opinion GRANTING the Defendant's Motion to Dismiss with prejudice and entered judgment in favor of the Defendant. (D. 9 & 10). On February 3, 2025, Plaintiff filed a Motion for Reconsideration, (D. 15), and the Defendant filed its Response on February 18, 2025. (D. 18). On February 24, 2025, the Plaintiff filed an Amended Motion for Reconsideration and on March 10, 2025, the Court GRANTED the Defendant's Motion to Strike the Plaintiff's Amended Motion for Reconsideration (D. 21 & 19). With the matter now fully briefed, the Court reaches its decision as to the Plaintiff's original Motion for Reconsideration still pending before it. (D. 15).

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

II

Federal Rule of Civil Procedure 59 governs the "[a]ltering or [a]mending [of] a judgment." FED. R. CIV. P. 59. Rule 59 reads, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). In this case, the Court entered judgment on January 7, 2025, in favor of the Defendant, and the Plaintiff filed a timely Motion for Reconsideration on February 3, 2025. (D. 10 & 15). In considering the Plaintiff's Motion for Reconsideration, the Court will continue its analysis by applying the Rule 59 standard. "To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration 'rarely arise and the motion to reconsider should be equally rare.'" *Bd. of Trs. of Univ. of Ill. v. Micron Tech., Inc.*, 245 F. Supp. 3d 1036, 1044 (C.D. Ill. 2017) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

A

Plaintiff originally filed her Complaint against the Defendant alleging three counts of violating the Americans with Disabilities Act ("ADA"). (D. 1). In response, the Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's claims were time-barred. (D. 6). In the Court's January 7, 2025, Order granting the Defendant's Motion to Dismiss, the Court agreed with the Defendant and determined that the Plaintiff's claim was time-barred. (D. 9 at ECF p. 10). Therefore, the Court entered judgment in favor of the Defendant and dismissed the action with prejudice. (D. 9 at ECF p. 11). The Court observed, "To be timely, the administrative discrimination *charge* must be filed within 300 days of the date of the alleged discriminatory act, the last of which

was Plaintiff's termination on February 26, 2018." (D. 9 at ECF p. 8) (emphasis added). The Court found that Plaintiff's discrimination charge was not filed until August 31, 2019, two-hundred and fifty-one days after the three-hundred-day window to file it had already expired. (D. 9 at ECF p. 10). While the Plaintiff presented some evidence that her complainant information sheet ("CIS") may have been filed with the respective agency within the period allowed, the Court specifically found that her CIS does not qualify as a charge. (D. 9 at ECF p. 9) (citing *Carlson v. Christian Bros. Servs.*, 840 F.3d 466, 467 (7th Cir. 2016)). "A charge is the administrative equivalent of a complaint filed in court; a CIS is not *unless it asks for relief* and thus functions as a charge." *Id.* (citing *Carlson*, 840 F.3d at 467) (emphasis added). On this point, the Court found that Plaintiff's CIS sheet "does not describe what relief she was seeking" and did not include "space on the form that called for her to provide that information." *Id.* For that reason, the Court found the CIS form did not "constitute a charge of discrimination—rather it is 'just a pre-charge screening form.'" *Id.* (citing *Carlson*, 840 F.3d at 467).

In the Plaintiff's Motion for Reconsideration, she concedes that the charge was not filed until August 31, 2019, consistent with the Court's previous order and reasoning. (D. 15 at ECF p. 2). She contends, however, that her CIS filing should constitute a charge because it "implicitly requested relief," an argument previously rejected by the Court, and despite the CIS form stating at the top, "THIS IS NOT A CHARGE." (D. 15 at ECF p. 8 & D. 15-1 at ECF p. 2). In her Motion, Plaintiff attempts to relitigate facts already ruled on and cites several cases not previously raised in support of her proposition that the CIS filing constitutes a charge, and, therefore, the Court should revisit its decision. However, it is well established that "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v.*

3

*CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). The Plaintiff does not allege newly discovered evidence or that the Court committed a manifest error of law or fact as necessary for her to prevail on the Motion for Reconsideration. *See Oto*, 224 F.3d at 606. A "manifest error" is "not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Here, the Plaintiff's Motion for Reconsideration reveals little more than her disappointment in the Court's January 7, 2025 ruling. It does not reveal manifest error. Thus, reconsideration is not warranted.

### III

For the reasons set forth, *supra*, the Plaintiff's Motion for Reconsideration (D. 15) is DENIED, and the Clerk of Court is directed to maintain this case's status as CLOSED.

*It is so ordered.*

Entered on March 11, 2025.

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE